UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA ADKINS, as Personal
Representative of the ESTATE OF
THOMAS CARR, deceased,

                              Case No.:

        Plaintiff,

v.

WAYNE COUNTY SHERIFF'S DEPARTMENT,
a Municipal Corporation, COUNTY OF WAYNE,
a Municipal Corporation, JOHN DOES,
Individually and Jointly,

        Defendants.

MOSS & COLELLA, P.C.
BY:   A VINCE COLELLA  (P49747)
        MELANIE J. DUDA (P77165)
        MATTHEW C. MCCANN (P85286)
*Attorneys for Plaintiff*
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
T (248) 945-0100
F (248) 945-1801
vcolella@mosscolella.com

## COMPLAINTAND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, VIRGINIA ADKINS, as Personal Representative of the ESTATE OF THOMAS CARR, deceased, by and through her attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and for her

1

Complaint and Demand for Jury Trial against the above-named Defendants, states as follows:

## JURISDICTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, against the above-named Defendants, in their individual capacities and/or as the entities in charge of running the institution wherein the events giving rise to these causes of action occurred, and/or based on the above-named Defendants being in charge of supervising the employees, agents, officers, and all others entrusted with positions and responsibilities of the Defendants.

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

3. The amount in controversy satisfies the jurisdictional limits of this Court as damages in this matter exceed seventy-five thousand dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

4. Plaintiff, VIRGINIA ADKINS, the duly appointed Personal Representative of the ESTATE OF THOMAS CARR, deceased, is a resident of the City of Taylor, County of Wayne, State of Michigan. THOMAS CARR (hereinafter referred to as "Plaintiff CARR") was at all materials times a resident of the City of Southgate, County of Wayne, State of Michigan.

5. Defendant, WAYNE COUNTY SHERIFF'S DEPARTMENT, is a Municipal Corporation charged with operating the institution known as the "Wayne County Jail" and charged with the supervision, including hiring, firing and/or disciplinary actions, of all officers, agents, and other members of the WAYNE COUNTY SHERIFF'S DEPARTMENT, employed and otherwise entrusted with positions and responsibilities in the Wayne County Jail.

6. Defendant, COUNTY OF WAYNE, is a Municipal Corporation in charge of running the institution known as the Wayne County Jail and charged with the supervision, including hiring, firing and/or disciplinary actions, of all officers, agents, and other members of the WAYNE COUNTY SHERIFF'S DEPARTMENT, employed and otherwise entrusted with positions and responsibilities in the Wayne County Jail.

7. Defendants JOHN DOES Health Professionals were at all times relevant to this Complaint officers, agents and/or employees of the Defendant COUNTY OF WAYNE in the WAYNE COUNTY SHERIFF'S DEPARTMENT and/or Wayne County Jail acting under color of law, and were qualified medical and/or mental health professionals in charge of the supervision, safekeeping, classification, housing, and medical and/or mental health care of the persons, including Plaintiff CARR, who was in the custody of the Wayne County Jail and/or Wayne County Sherriff's Department; and, as such, had a duty to provide for the care, safety and welfare of the persons, including Plaintiff CARR, who

3

were in the custody and care of the Wayne County Jail and/or Wayne County Sheriff's Department.

8. Defendants JOHN DOES Corrections Employee were at all times relevant to this Complaint police and/or corrections officers, agents and/or employees of the Defendant COUNTY OF WAYNE in the WAYNE COUNTY SHERIFF'S DEPARTMENT and/or Wayne County Jail acting under color of law, and were prisoner detention officers in charge of the safekeeping, classification, housing and security of its inmates, including Plaintiff CARR, who was in the custody of the Wayne County Jail and/or WAYNE COUNTY SHERIFF'S DEPARTMENT; and, as prisoner detention officers, had a duty to provide for the care, safety, welfare and reasonable accommodation of the persons, including Plaintiff CARR, in the custody and care of the Wayne County Jail and/or WAYNE COUNTY SHERIFF'S DEPARTMENT.

## FACTS

9. On or about April 8, 2023, Plaintiff CARR was arrested for Operating While Intoxicated ("OWI"), a non-violent misdemeanor, by the Southgate Police Department.

10. On or about July 12, 2023, Plaintiff CARR pled guilty to OWI, and was sentenced to 26 days in the Wayne County Jail.

11. On or about July 13, 2023, Plaintiff CARR was transferred into the custody of the WAYNE COUNTY SHERRIF'S DEPARTMENT in the facilities

4

operated and run by the COUNTY OF WAYNE, said facilities being otherwise known as the Wayne County Jail.

12. Inmate Claude Lewis entered the Wayne County Jail on or about July 10, 2023. He was in the Jail on charges of domestic violence following a 9-1-1 call from his girlfriend.

13. Upon information and belief, on July 10, 2023, after the 9-1-1 call from Lewis' girlfriend which led to his arrest on domestic violence, Claude Lewis himself made a 9-1-1 call. Lewis reported to the 9-1-1 Operator that he needed mental health housing and treatment, stating that he was seeking admission to an in-patient psychiatric hospital, and shared his diagnoses of bipolar disorder and schizophrenia. He told the 9-1-1 Operator: "I am labeled as schizophrenic, bipolar, so the reason why I'm calling is so she can't get me locked up in jail. I'd rather just go to the psych ward and get assistance." This warning and request for assistance were ignored.

14. Upon information and belief, additional information available to Defendant/s John Doe/s regarding Claude Lewis, included, but was not limited to:

- a warning (from Michigan State's "Law Enforcement Information Network" or "LEIN") that he may harm himself or others, and that he had been involuntarily committed in 2022, and

- his prior hospitalization at Stonecrest Psychiatric Hospital in 2021.

5

15. Upon information and belief, Defendant/s John Doe/s also had information available to them regarding Claude Lewis' prior convictions for violent crimes, including, but not limited to, two felony aggravated battery convictions.

16. It is well established that the Wayne County Jail "Mental Health Unit professionals identify detainees that require intervention and care for mental health issues." Despite the mental health issues which Claude Lewis self-identified to the 9-1-1 operator, and, upon information and belief, to the Wayne County Jail employees when he was being booked, as well as Lewis's history of mental illness and prior psychiatric hospitalizations, Defendant/s John Doe/s made the decision not to house him in the Mental Health Unit at the Wayne County Jail or segregate him from the general population.

17. Despite the information regarding Claude Lewis's violent criminal history, Defendant/s John Doe/s made the decision to place Plaintiff CARR, a first-time offender serving a sentence on a non-violent offense, in the same cell as Lewis.

18. On or about July 13, 2023, Plaintiff CARR was brutally attacked by Claude Lewis, his cellmate at the Wayne County Jail. He experienced catastrophic head trauma, with multiple bones in his face fractured and his eye socket broken.

19. Upon information and belief, in addition to the decision to place Plaintiff CARR in the same cell as Claude Lewis, despite Lewis' known psychiatric issues and violent criminal history, Defendant/s John Doe/s also made staffing decisions to reduce by 40% (from 5 to 3) the number of guards on each floor of the Wayne County Jail, including the floor on which Plaintiff CARR and Claude Lewis shared a cell.

20. On or about July 20, 2023, Plaintiff CARR died as a result of the injuries which had been inflicted upon him by his brutal assault at the hands of his cellmate.

21. The Defendants were the exclusive custodians of Plaintiff CARR following his transfer into their custody and were charged with the responsibility of monitoring Plaintiff CARR and those around him to ensure that Plaintiff CARR's health, safety, and welfare would not be placed in jeopardy while he was in the custody of the Defendants.

22. Despite Defendants' notice of Lewis' mental health condition, Plaintiff CARR was left in harm's way, specifically exposed to the violent schizophrenic Lewis. Plaintiff CARR was left without any recourse as for his own health, safety, and well-being, despite Defendants' knowledge of Lewis' propensities and prior actions and Defendants' custodial duties to provide same in regard to Plaintiff CARR's health, safety and well-being, in light of the

substantial risk of harm which Lewis posed, and to which said substantial risk the Defendants were deliberately indifferent.

23. As a result of the willful and wanton, grossly negligent, reckless, and otherwise deliberately indifferent conduct of Defendants, Plaintiff CARR was brutally attacked and beaten, resulting in his death.

24. As a direct and proximate result of the willful and wanton, grossly negligent, reckless, and otherwise deliberate indifferent conduct of the Defendants, Plaintiff CARR suffered the following:

    a. Violation of Plaintiff's constitutional rights under 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable seizure of the person;

    b. Conscious pain and suffering; and

    c. Death.

25. The actions of the Defendants violated the following clearly established and well-settled constitutional rights of Plaintiff CARR:

    a. Freedom from unreasonable seizure of the person;

    b. Freedom from violence at the hands of other inmates, with respect to which Defendants failed to take reasonable measures to guarantee the safety of Plaintiff CARR and instead placed Plaintiff CARR into conditions posing a substantial risk of serious harm and with deliberate indifference to the health and safety of the Plaintiff CARR;

    c. Freedom from willful and wanton neglect while in the custody and custodial care of the Defendants;

  d. Freedom from grossly negligent treatment and handling while in the custody and custodial care of the Defendants;

  e. Freedom from gross, reckless, and otherwise deliberate indifference to his life, health, and well-being.

26. Plaintiff, VIRGINIA ADKINS, on behalf of the estate and all individuals entitled to damages under the Michigan Wrongful Death Act, requests all damages that are fair and just under the circumstances, including but not limited to the following:

  a. Reasonable medical, hospital, funeral, and burial expenses;

  b. Reasonable and fair compensation for the pain and suffering the decedent experienced while he was conscious from the beginning of the attack until his death; and

  c. Losses suffered by the next of kin as a result of the decedent's death, including the following:

    i. Loss of financial support;
    ii. Loss of services;
    iii. Loss of society and companionship;
    iv. Loss of gifts and other valuable gratuities; and
    v. Other miscellaneous losses.

27. In the course of investigating the facts underlying this action, Plaintiff has made multiple requests pursuant to the Michigan Freedom of Information Act to Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT for:

> Any and all files, records, reports, incident reports, preliminary complaint reports, investigation reports, witness statements, video and audio tape, surveillance footage, e-mails, memorandums, faxes, correspondence, internal affair reports, internal memos, and any other written or recorded information pertaining to the assault/death of

Thomas Edwin Carr (DOB:[]) on or about July 13, 2023 at the Wayne County Jail.

28. Plaintiff sent its first such request on August 8, 2023.

29. In a letter dated August 22, 2023, Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT denied Plaintiff's August 8, 2023 request, citing an "ongoing investigation."

30. Plaintiff sent its second such request on November 3, 2023.

31. In a letter dated November 9, 2023, Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT acknowledged receipt of the November 3, 2023 request and did not assert any "ongoing investigation" or other basis for denial of the request. Defendant, however, did not respond with any of the requested information and/or documents. Defendant instead indicated that it was pushing off a response date.

32. As of the date of the filing of this Complaint, Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT has not responded to either of Plaintiff's requests pursuant to the Michigan Freedom of Information Act.

## COUNT I
## VIOLATION OF THE UNITED STATES CONSTITUTION AGAINST DEFENDANTS WAYNE COUNTY SHERIFF'S DEPARTMENT AND THE COUNTY OF WAYNE

33. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

34. As a result of their unlawful, malicious, reckless, and/or deliberately indifferent acts and/or omissions, Defendants individually, and in concert, acted under color of law, but contrary to law, and did deprive Plaintiff of the rights, privileges, or immunities secured under the United States Constitution, to wit: Plaintiff CARR's right to be free from an unreasonable seizure of his person; Plaintiff CARR's right not to be deprived of life, health, and physical and emotional well-being; Plaintiff CARR's right to be free from violence at the hands of other prisoners; and other rights as guaranteed by Amendments IV and XIV of the United States Constitution.

35. Defendants knew and/or should have known that they had a legal obligation to protect Plaintiff CARR from assault, attack, or other physical injury and knew and/or should have known that their actions and omissions created a substantial risk of serious physical injury to Plaintiff CARR. With deliberate indifference to Plaintiff CARR's personal safety and right to be free from violence at the hands of other prisoners, Defendants failed to protect Plaintiff CARR from substantial risk of serious harm while in the custodial care of the

Defendants, in violation of Plaintiff CARR's rights under the United States Constitution and 42 U.S.C. §§ 1983, 1985 and 1986.

36. The deprivation of Plaintiff CARR's rights constituted a risk of harm so grave that it violated contemporary standards of decency.

37. Defendants acted in derogation of the constitutional rights of Plaintiff CARR, including the right to be free from violence at the hands of other inmates, as evidenced by their deliberate indifference, willful and wanton neglect, gross negligence, and deliberate abandonment of the rights of persons whom the Defendants put into custody or detention and Plaintiff CARR in particular. The Defendants knew or should have known that their procedures and policies, customs and practices which are enumerated herein and as follows were wholly defective:

    a. Inadequate screening for medical and mental health purposes all incoming detainees for health histories in order to determine special medical, mental health, and/or custodial holding needs;

    b. Fostering a custom, outside of the written policy, to fail to protect those in the custodial trust of the Defendants and/or to fail to separately confine detainees known to have dangerous violent propensities, suffering from mental illness, or other serious mental health conditions;

    c. Having a policy or practice of not monitoring or of inadequately monitoring detainees known, or who should have been known, to have dangerous violent propensities, suffering from mental health conditions and/or illnesses, and other symptoms, and therefore allowing other persons in the custodial care of the Defendants to unnecessarily suffer violence at the hands of other inmates and impairment of physical health to the point that personal injuries are inflicted.

d. Having a policy or practice of not sequestering or otherwise separating from the general prison population detainees known, or who should have been known, to have dangerous violent propensities, suffering from mental health conditions and/or illnesses and other symptoms and therefore allowing other persons in the custodial care of the Defendants to unnecessarily suffer violence at the hands of other inmates and impairment of physical health to the point that personal injuries are inflicted.

e. Failing to properly train regarding the adequate screening and monitoring of violent and/or dangerous people and of those with mental illness, while detainees are in custody;

f. Failing to properly train regarding the necessity of screening, secluding and/or separating persons with known dangerous violent propensities, severe medical and/or mental conditions from others in the custodial care of the Defendants, and/or from otherwise making proper notation, inquiry and appropriate notification to the proper persons regarding necessary medical care, attention, seclusion and/or separation required by those in custody in order to avoid causing harm to others in the custodial care of the Defendants, including violence at the hands of other inmates;

g. Failing to supervise civilians working with, and sworn members of, the WAYNE COUNTY SHERIFF'S DEPARTMENT, who are the custodians of detainees and decision-makers with respect to appropriate screening and placement of detainees within the Wayne County Jail, to ensure they provide adequate, necessary and required custodial safety measures, and do not allow detainees to suffer impairment of physical health to the point of suffering personal injuries as a consequence, including violence at the hands of other inmates.

h. Failing to discipline and/or otherwise take appropriate action with respect to civilians working with, and sworn members of, the WAYNE COUNTY SHERIFF'S DEPARTMENT, who are the custodians of detainees and decision-makers with respect to appropriate placement of detainees within the Wayne County Jail, and who neglect those in their custody by failing to properly monitor detainees, failing to provide adequate,

necessary and required custodial safety measures, and allowing detainees to suffer impairment of physical health to the point of suffering personal injuries as a consequence, including violence at the hands of other inmates.

38. These policies, customs and practices were carried out with deliberate indifference, willful and wanton disregard and with gross negligence, and were the direct and deliberate cause of the constitutional deprivations of the Plaintiff CARR of his rights to liberty, due process, to be free from gross, reckless, and otherwise negligent endangerment of life, health, and physical well-being, and right to fair and just treatment.

## COUNT II
## FEDERAL STATUTORY AND UNITED STATES CONSTITUTIONAL VIOLATIONS AGAINST THE INDIVIDUAL JOHN DOE DEFENDANTS

39. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

40. Plaintiff claims damages for wrongful death, conscious pain and suffering, physical injuries, and all other damages alleged herein, under 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments to the United States Constitution as well as any other analogous provisions of the United States Constitution, against all individual John Doe Defendants for violation of Plaintiff CARR's constitutional rights under color of law.

## COUNT III
## CLAIM FOR REASONABLE COSTS, DISBURSEMENTS AND ATTORNEY FEES IN BRINGING ACTIONS UNDER 42 U.S.C. §§ 1983, 1985, 1986 PURSUANT TO 42 U.S.C. § 1988 AS TO ALL DEFENDANTS

41. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

42. Defendants caused actual deprivation of Plaintiff CARR's civil rights under color of law in violation of the applicable sections cited herein.

43. As a direct and proximate result of said actions, Plaintiff is forced to bring suit against Defendants under the applicable statutes cited herein.

44. Plaintiff, therefore, is entitled under 42 U.S.C. § 1988, and other applicable sections, to recover reasonable costs, disbursements, and attorney fees on the Claims for Relief.

## COUNT IV
## WRONGFUL DEATH AS TO PLAINTIFF DECEDENT THOMAS CARR

45. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

46. The grossly negligent acts and/or omissions of Defendants, as set forth above, resulted in the wrongful death of THOMAS CARR.

47. This wrongful death claim is cognizable under MCL § 600.2922.

48. Decedent's estate incurred medical, hospital, funeral, and burial expenses for which Defendants are liable.

49. VIRGINA ADKINS, as Personal Representative of the Estate of THOMAS CARR, Deceased, seeks all economic and non-economic damages allowed under the Michigan Wrongful Death Act, MCL § 600.2922.

50. Plaintiff CARR's heirs seek damages as a result of Plaintiff decedent's death as allowable under the Michigan Wrongful Death Act. These include, but are not limited to, any and all descendants or heirs under the Michigan Wrongful Death Act.

51. As a direct and proximate result of the grossly negligent acts and/or omissions committed by Defendants, Plaintiff suffered and continues to suffer severe damages.

## COUNT V
## VIOLATION OF THE MICHIGAN FREEDOM OF INFORMATION ACT

52. Plaintiff re-alleges and incorporates by reference all of the preceding paragraphs of this Complaint, as though fully set forth herein.

53. At all material times, Plaintiff CARR was a "person" as defined by MCL § 15.232(c).

54. At all material times, Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT, was a "public body" as defined by MCL § 15.232(d)(iii), such that it had custody and control of "public records," as defined by MCL § 15.232(e), pertaining to the above-described vicious, fatal beating of Plaintiff CARR by Lewis.

16

55. Pursuant to MCL § 15.233, Plaintiff has the right to inspect, copy, and receive copies of public records, including the aforementioned records of Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT regarding the facts and circumstances of Plaintiff CARR's death.

56. To date, no information and/or documents have been produced by Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT in response to either of the two requests made by Plaintiff - pursuant to MCL § 15.231, et seq. in conjunction with MCL § 750.492.

57. Those requests were dated on August 8, 2023 and November 3, 2023 and both requested:

> Any and all files, records, reports, incident reports, preliminary complaint reports, investigation reports, witness statements, video and audio tape, surveillance footage, e-mails, memorandums, faxes, correspondence, internal affair reports, internal memos, and any other written or recorded information pertaining to the assault/death of Thomas Edwin Carr (DOB:[]) on or about July 13, 2023 at the Wayne County Jail.

58. Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT bears the burden of proof of establishing an exemption justifying its failure to produce any of the requested public records.

59. Pursuant to MCL § 15.240, Plaintiff seeks a determination that the WAYNE COUNTY SHERIFF'S DEPARTMENT's denial of the aforementioned requests for these public records was improper.

60. This action was timely filed within 180 days of August 22, 2023.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant Plaintiff the following relief:

- A. Award compensatory damages in excess of Ten-Million ($10,000,000.00) Dollars;

- B. Award punitive and/or exemplary damages;

- C. Award actual costs, interest, and attorney fees;

- D. Award all damages allowed under the Michigan Wrongful Death Act including economic damages and loss of society and companionship;

- E. Declare pursuant to MCL § 15.240 that Defendant WAYNE COUNTY SHERIFF'S DEPARTMENT's denial of Plaintiff's requests pursuant to the Michigan Freedom of Information Act were improper and order the production of the requested information.

- F. Grant such other and further relief consistent with law and which this Honorable Court deems just and proper under the exercise of its discretion.

Respectfully submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy, Suite 1150
Southfield, MI 48034
(248)-945-0100
vcolella@mosscolella.com

DATED: November 30, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VIRGINIA ADKINS, as Personal
Representative of the ESTATE OF
THOMAS CARR, deceased,

                                                Case No.:

            Plaintiff,

v.

WAYNE COUNTY SHERIFF'S DEPARTMENT,
a Municipal Corporation, COUNTY OF WAYNE,
a Municipal Corporation, JOHN DOES,
Individually and Jointly,

            Defendants.

MOSS & COLELLA, P.C.
BY:   A VINCE COLELLA (P49747)
        MELANIE J. DUDA (P77165)
        MATTHEW C. MCCANN (P85286)
*Attorneys for Plaintiff*
28411 Northwestern Hwy., Suite 1150
Southfield, MI 48034
T (248) 945-0100
F (248) 945-1801
vcolella@mosscolella.com

## **DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, VIRGINIA ADKINS, as Personal Representative of the ESTATE OF THOMAS CARR, deceased, by and through her attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA, and hereby requests a trial by jury of the within cause.

19

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MOSS & COLELLA, P.C. |
|  | BY: /s/ A. Vince Colella<br>A. VINCE COLELLA (P49747)<br>Attorney for Plaintiff<br>28411 Northwestern Hwy, Suite 1150<br>Southfield, MI 48034<br>(248)-945-0100 |
| DATED: November 30, 2023 | vcolella@mosscolella.com |